UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TYREE AARON ELDRIDGE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 14-046-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| J. C. HOLLAND, Warden of | ) | **MEMORANDUM OPINION** |
| USP-McCreary, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Tyree Aaron Eldridge ("Eldridge") is confined at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. Proceeding without an attorney, Eldridge has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to have the Bureau of Prisons ("BOP") re-calculate his sentence. [Record No. 1] Specifically, he argues that he is entitled to additional sentencing credit according to a recommendation of the sentencing judge. [*Id.*] However, Eldridge is not entitled to any additional credit for time served on his federal sentence. As a result, his petition will be denied.

**I.**

On January 18, 2012, while in state custody, a federal grand jury in West Virginia returned an eight-count indictment against Eldridge for trafficking in cocaine in violation of 21 U.S.C. §§ 841(a) and (b). [*See United States v. Tyree Aaron Eldridge*, Criminal Action

No. 3: 12-CR-006 (N.D.W.V. 2012)] On March 27, 2012, Eldridge was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. [*Id.*, at Record Nos. 6,7, 8] He entered a written plea agreement on April 30, 2012. As part of this agreement, Eldridge pleaded guilty to Count 6 of the indictment. In exchange, the government agreed to dismiss the remaining Counts of the indictment. [*Id.*, at Record No. 31] Eldridge was subsequently sentenced to a 70-month term of imprisonment, to be served consecutively to any prior federal or state sentence, followed by a 3-year term of supervised release.[1] [*Id.*, at Record No. 42, p. 2] The district court also recommended that Eldridge receive credit on his sentence for time served since March 26, 2012. [*Id.*]

Consistent with the terms of his plea agreement, Eldridge did not appeal his conviction or sentence. However, in July, 2013, Eldridge filed an unsuccessful Informal Resolution Attempt with the BOP, seeking to receive additional credit on his sentence for time served beginning from when he was removed from state prison on a writ of habeas corpus *ad prosequendum* (March 21, 2012). He has since exhausted his administrative remedies. On February 26, 2014, Eldridge filed his petition for habeas relief under § 2241. [Record No. 1]

**II.**

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule

---

1  At the time of his federal indictment, Eldridge was serving a state sentence in the custody of the West Virginia Department of Corrections, confined in the Northern Correctional Facility.

1(b)).  Because Eldridge is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  Thus, at this stage of the proceedings, Eldridge's factual allegations are accepted as true and his legal claims are liberally construed in his favor.

Eldridge argues that he is entitled to credit against his federal sentence for time served in state custody.  [Record No. 1]  Additionally, he contends that because the district court recommended at his sentencing that he be given credit for time served beginning on March 26, 2012, the BOP's determination that his federal sentence did not commence until his release from his state sentence on April 8, 2013, was in error.  [*Id.*]  Eldridge's arguments, however, are without merit.

Calculation of a federal prisoner's sentence (including both its commencement date and any credits for custody before the sentence is imposed) is governed by 18 U.S.C. § 3585. This section provides:

> (a)   . . . A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)   . . . A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1)   as a result of the offense for which the sentence was imposed; or
>>
>> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added). The BOP implements § 3585 through Program Statement 5880.28.

When Eldridge was arrested by state law enforcement, the State of West Virginia obtained "primary custody" over him. *Ponzi v. Fessenden*, 258 U.S. 254 (1922). West Virginia's primary custody continued until it expressly relinquished its control over Eldridge. *See Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982); *see also Berry v. Sullivan*, No. 07-5965(JAP), 2007 WL 4570315, at *2 (D.N.J. Dec. 26, 2007) ("Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g*., bail release, dismissal of the state charges, parole release, or expiration of the sentence.") (quotation marks and citations omitted). Eldridge's transfer to federal custody pursuant to the writ of habeas corpus *ad prosequendum* for prosecution on the federal indictment did not affect West Virginia's primary custodial status. *See Easley v. Steep*, 5 F. App'x 541, 543 (7th Cir.2001). Therefore, under § 3585(a), his federal sentence did not commence until he was received into federal custody on April 8, 2013. *See Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. July 1, 2010) ("A consecutive [federal] sentence imposed on a defendant already in state custody . . . cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.")

Additionally, the BOP properly declined to follow the sentencing judge's recommendation that Eldridge received credit against his federal sentence. [*See* Record No. 1-1, pages 4-5.] The BOP determined that because Eldridge's sentencing credit for time served applied toward his West Virginia state sentence, that same time could not be credited

toward his federal sentence. [*Id.*] Eldridge was correctly informed that the BOP is statutorily prohibited by 18 U.S.C. § 3585(b) from awarding him the additional time he requested. [*Id.*]

Eldridge's habeas petition is precluded by 18 U.S.C. § 3585(b) for the same reasons. Eldridge remained in the primary custody of West Virginia even though he was "borrowed" from state custody on a writ of habeas corpus *ad prosequendum* relative to his federal proceedings. He continued to receive credit on his state sentence at all times during period he was out on the writ. Once his state sentence was served, he was released to begin service of his 70-month federal sentence. Eldridge simply fails to appreciate that even though he was physically removed from a West Virginia state prison on March 20, 2012, and was not returned there until after his federal sentencing hearing, he continued to receive credit on his state sentence during this period of time despite being physically absent from the state prison. Therefore, because the time period Eldridge spent in state prison was credited against his state sentence, it may not be "double counted" against his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (holding that under § 3585(b) "a defendant [can] not receive a double credit for his detention time"); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

### III.

The BOP properly determined that 18 U.S.C. § 3585 precludes the credit Eldridge seeks. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Tyree Aaron Eldridge's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent J.C. Holland, Warden of USP-McCreary.

This 30th day of May, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge